UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE VARNER, JR. and
TRUMEEYKA HAWKINS,

    Plaintiffs,

v.                                      Case No. 3:23-cv-750-BJD-MCR

COUNTY RECORDER OF DUVAL
COUNTY and GROUNDFLOOR
JACKSONVILLE LLC,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiff's Second Amended Complaint (Doc. 14) filed August 31, 2023. Plaintiffs originally initiated this lawsuit by filing a pro se Complaint on behalf of a corporation. (See Doc. 4). On June 27, 2023, Defendant County Recorder of Duval County (County Recorder) removed this case from state court. (See Doc. 1). Defendant moved to dismiss Plaintiff's complain, which the Court denied as moot. (See Docs. 7, 9). The Court identified pleading deficiencies in Plaintiff's Complaint and directed the corporation to file an amended complaint and obtain legal counsel. (Doc. 8). On July 14, 2023, the Court struck Plaintiff's amended complaint because the only change between the original complaint and the amended complaint was a date change on the signatory page. (Compare Doc.

4 at 13 with Doc. 10 at 13); (see also Doc. 13). The Court ordered Plaintiff to file a new amended complaint by August 30, 2023. (Doc. 13).

On August 31, 2023, Plaintiffs filed their Second Amended Complaint. (Doc. 14). There are no substantial changes between any of the filed complaints. (Compare Doc. 4 with Docs. 10, 14).

The Court struck the first two complaints because they did not comply with the Federal Rules of Civil Procedure. (Docs. 8 at 2; 11 at 1). Plaintiffs have had two opportunities to address the deficiencies listed in orders from the Court. (See Docs. 8, 11).

The Second Amended Complaint, like the first two iterations, is a shotgun complaint. See Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1324 (11th Cir. 2015) ("[T]his Court has condemned the incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." (internal quotation and citation omitted)) (collecting cases); Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Prop., Inc. v. Fla. Moving & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)). Courts "need not tolerate defiance of reasonable orders," and may dismiss cases for that reason. <u>Id.</u> at 1241 (citation omitted); <u>see also</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Plaintiffs were warned that should they not amend their complaint, then this case would be dismissed. (Doc. 11 at 4). The Court allowed Plaintiffs two opportunities to amend their pleadings, yet Plaintiffs have not filed a complaint that comports with the Federal Rules of Civil Procedure.

Accordingly, after due consideration, it is

**ORDERED:**

This case is **DISMISSED without prejudice** for Plaintiffs' failure to abide by the Court's Orders (Docs. 8, 11). The Clerk of Court is **DIRECTED** to close this case and terminate any pending motions.

**DONE** and **ORDERED** in Jacksonville, Florida this 29th day of September 2023.

BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record
Unrepresented Parties